*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    517847
_____

In the Matter of HAROLD STARKS,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

ROLAND LARKIN, as
    Superintendent of Eastern
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

          Harold Starks, Napanoch, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____

          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

          Petitioner was charged in a misbehavior report with
violating family reunion program procedures, damaging state
property and tampering with a fire device.  According to the
report, an inspection of a trailer that had just been used by
petitioner as part of the family reunion program revealed a hole
in the bedroom door and a missing smoke detector.  Following a
tier III disciplinary hearing, petitioner was found not guilty of
tampering with a fire device, but guilty of the remaining charge.
He thereafter commenced this CPLR article 78 proceeding

challenging the determination.  Respondent moved to dismiss the petition and the motion was granted, in part, by Supreme Court as to certain claims.  Following respondent's service of an answer to the remaining claims, Supreme Court transferred the proceeding to this Court for review.

We confirm.  The misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Sagardia v Chappius, 111 AD3d 1187, 1187 [2013]; Matter of Green v Taylor, 108 AD3d 960, 960-961 [2013]). Petitioner's remaining contentions, including that he was improperly denied the right to call certain inmate witnesses and that he received ineffective employee assistance, have been reviewed and are either unpersuasive or unpreserved for our review.

Stein, J.P., Garry, Rose, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court